Filed 12/3/13  P. v. Olmos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B247241 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA092784) |
| v. | |
| JORGE JESUS OLMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wade Olson, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jorge Jesus Olmos appeals from an order of the trial court denying his motion to correct his custody credits pursuant to recent amendments to Penal Code section 4019.[1]  We affirm the order.

Appellant was charged by information with attempted murder (§ 664/ 187, subd. (a)) and assault with a firearm (§ 245, subd. (a)(2)).  The information included firearm and gang allegations (§§ 12022.53, 186.22) and alleged that appellant had suffered four prior convictions (§ 667.5, subd. (b)).

Appellant entered a no contest plea to the attempted murder charge, and the court dismissed the other count.  The court sentenced appellant to a term of nine years and awarded him 414 days of actual time credit and 62 days of conduct credit, for a total of 476 days of presentence credit.

On February 22, 2013, appellant moved to correct his presentence custody credits, relying on October 2011 amendments to section 4019 that provided enhanced conduct credits.  (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48-50 [explaining the amendments].)  The trial court denied his motion.  Appellant appealed the court's order.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On May 17, 2013, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider.  No response has been received to date.

Appellant's conduct credits are limited by section 2933.1, which operates as an exception to section 4019 where the defendant is convicted of a violent felony under section 667.5, subdivision (c).  (*People v. Brewer* (2011) 192 Cal.App.4th

---

[1]     All further statutory references are to the Penal Code.

2

457, 462.) Attempted murder is a violent felony under section 667.5, subdivision (c)(12). Appellant's conduct credits thus are limited to 15 percent of his actual days in custody. (*Ibid.*)

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




SUZUKAWA, J.

3